Carol J. BOCCALERI, et al.

v.

MAINE MEDICAL CENTER.

Supreme Judicial Court of Maine.

Argued Nov. 19, 1987.
Decided Dec. 17, 1987.

John H. Montgomery (orally), Jensen, Baird, Gardner & Henry, Portland, for plaintiffs.

Arlyn H. Weeks (orally), Christopher D. Nyhan, Preti, Flaherty, Beliveau & Pachios, Portland, for defendant.

Before NICHOLS, ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

WATHEN, Justice.

Plaintiffs, William and Carol Boccaleri, husband and wife, appeal from a judgment of the Superior Court (York County) following a jury verdict in favor of defendant, Maine Medical Center. Plaintiffs contend that the court erred in refusing to order disclosure of a letter sent by defendant's expert witness to defendant's attorney. In addition, plaintiffs assert error with regard to various evidentiary rulings. We agree that the letter was improperly withheld from plaintiffs and we vacate the judgment of the Superior Court.

The facts developed at trial may be summarized as follows: In 1978, Mrs. Boccaleri began having pain in her throat and difficulty in swallowing. She was referred by her doctor to the Maine Medical Center, where she was seen by an endocrinologist employed by defendant. In August of 1978, the endocrinologist referred Mrs. Boccaleri to a surgeon for a needle biopsy of her thyroid to rule out the presence of a malignant growth. The surgeon prepared a single slide from the biopsy of the thyroid and a pathologist employed by defendant examined the slide and made a report that his findings were "most consistent with multiple colloid adenomatous goiter or nodular goiter," a benign condition. The endocrinologist reviewed the pathologist's report and consulted with another pathologist employed by defendant, after which he treated Mrs. Boccaleri for a benign thyroid condition. Her treatment continued unsuccessfully at defendant hospital until the fall of 1981, when she consulted another physician, who admitted her into the Osteopathic Hospital to surgically remove a portion of her thyroid for testing. After diagnosing her condition as cancerous, the physician removed her thyroids, parathyroids and portions of her recurrent laryngeal nerve. As a result, Mrs. Boccaleri has been left with permanent hoarseness and no natural thyroid function.

The plaintiffs commenced the present malpractice action against defendant for the acts of its agents in failing to diagnose and render proper care. After a trial in which both parties presented expert witnesses concerning defendant's conformity with the proper standard of care, the jury returned a verdict in favor of defendant. Plaintiffs appeal from the resulting judgment.

During the deposition of defendant's principal expert witness, an independent pathologist, reference was made to a written report from the pathologist to defense counsel. Arguing that the report should have been included as part of the pretrial memorandum pursuant to M.R.Civ.P. 16(a)(3)(*O*) plaintiffs' counsel requested production of a copy of the report. Defense counsel refused to produce the report arguing that it constituted protected work product under M.R.Civ.P. 26(b)(3). Plaintiffs' counsel moved to compel discovery and defense counsel reasserted his claim of work product. The Superior Court ordered disclosure subject to *in camera* inspection for the "mental impressions, conclusions, opinions or legal theories of the attorney for the defendant or ... tactical or strategic matters concerning the defense." Following an *in camera* review of the letter, the motion justice ordered that only the first two paragraphs of the letter, those dealing with the pathologist's observations concerning the slide, be disclosed to plaintiffs.

Having conducted our own *in camera* review of the defense expert's letter to defendant's attorney we conclude that the motion justice erred in refusing to order disclosure. The letter in this case was not

a work product under M.R.Civ.P. 26(b)(3).[1] Even if we were to adopt the approach announced in *Sprague v. Director, Office of Workers' Compensation Programs*, 688 F.2d 862 (1st Cir.1982), that a letter written by a doctor to defendant's attorney can be a work product, the facts of this case do not support such a conclusion. In *Sprague*, the court found that the letter was "unquestionably work-product protected by [Fed.R.Civ.P.] 26(b)(3)," because "[t]he letter was in direct response to various medical questions posed by [the employer's] attorney in an earlier letter." *Id.* at 869. In this case, the letter was not in direct response to any questions nor does it contain any discussion of trial strategy. Plainly and simply, the letter consists of the expert witness's report of his observations and opinions concerning the original biopsy slide, the report issued by defendant's pathologist, and the standard of care exercised by that pathologist. Because the letter is not protected as work product, the motion justice erred in failing to require full disclosure of the letter.

 The occurrence of an erroneous ruling on a discovery matter does not, without more, demonstrate plaintiffs' entitlement to a new trial. Unless the error prejudices substantial rights of the plaintiffs, the error must be disregarded. M.R. Civ.P. 61. In order to assess the extent of the prejudice suffered by a failure to compel discovery, we must consider not only the nature of the information withheld but also the likely use that plaintiffs' counsel could have made of that information during cross-examination of the defense expert. In the instant case we are unable to find that it is highly probable the verdict would have been the same had the report been disclosed. *See In re Christopher C.*, 499 A.2d 163, 165 (Me.1985). Because the information contained in the third paragraph of the report bears directly and critically on defendant's conformity with the proper standard of care and was not otherwise disclosed by the testimony of the expert witness, we cannot assume that the failure to order the disclosure of the report did not affect substantial rights of plaintiff. *See* M.R.Civ.P. 61. Having carefully reviewed the expert witness's testimony at trial, we are persuaded that a new trial is mandated by the requirements of substantial justice.

Because we vacate the judgment, we need not address plaintiffs' claims of error in certain evidentiary rulings made by the trial justice. It is far from certain that any of those evidentiary issues will arise if the case is tried again. Moreover, there is no assurance that such an issue would necessarily arise in precisely the same context in a second trial. In these circumstances, concern for judicial efficiency fails to overcome the restraining influence of jurisprudential wisdom.

The entry is:

Judgment vacated.

Remanded to Superior Court with instructions to order disclosure of the report of defendant's expert and for further proceedings consistent with the opinion herein.

All concurring.

---

1. M.R.Civ.P. 26(b)(3) provides in relevant part:
 (3) *Trial Preparation: Materials.* Subject to the provisions of subdivision (b)(4) of this rule, a party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.