STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-04-551

ANDREW NEAL,

    Plaintiff,

v.                                                                    ORDER

M. W. SEWALL & CO., et al.,

    Defendants.

Before the court is a discovery dispute involving certain materials provided by plaintiff's attorney to his expert. Plaintiff claims the materials are work product. Although both parties were invited at a discovery conference on June 7 to submit authority supporting their positions, if they wished to do so, neither counsel has taken the opportunity to do so.

In the court's view, a party seeking to shield material provided to a testifying expert is unlikely to prevail. Although Boccaleri v. Maine Medical Center, 534 A.2d 671 (Me. 1987), is not controlling here[1], the Law Court in that case stressed the potential importance of material that could potentially be used in cross-examining the opposing side's expert. 534 A.2d at 673. Moreover, on the precise issues involved in this case, the Wright and Miller treatise favors the view that if communications from the attorney may have influenced the expert's opinion, this could be critical in assessing the credibility of the expert. See 8 C. Wright, A. Miller and R. Marcus, Federal Practice and Procedure: Civil 2d § 2030 (1994) at 439 n.16. Moreover, since the amendment to Federal Rule 26 in 1993, both the federal Advisory Committee note and the Wright and Miller treatise take the view that even if materials would otherwise be privileged, they

---

[1] In Boccaleri the documents at issue were documents provided by the expert to the attorney and therefore the work product privilege did not apply.

are discoverable once they have been provided to a testifying expert and that this is true even if the materials are not relied upon by the expert. Advisory Committee Note, 134 F.R.D. at 634; 8 C. Wright, A. Miller and R. Marcus, Federal Practice and Procedure: Civil 2d § 2031.1 at 441-42 and n.10. Indeed, Wright and Miller states that "counsel should now expect that any written or tangible data provided to testifying experts will have to be disclosed." Id. at 442.

Maine has not adopted the 1993 Federal amendment to Rule 26, but the court views that amendment as procedural rather than substantive. Thus, while Maine does not require affirmative disclosure as called for in Fed. R. Civ.P. 26(a)(2), the court doubts that there is any material difference between what is discoverable under Maine and Federal law.

This does not entirely rule out the possibility that the specific materials at issue in this case might still be entitled to work product privilege. If counsel for plaintiff wishes to withhold these materials, he shall provide copies of any withheld materials to the court for in camera review, along with a copy of the expert's report and designation. Such a submission shall be made in 10 days. Both counsel shall then be prepared to appear for a short hearing so that the court can, without disclosing the contents of the documents, determine the relevance and importance of the withheld materials to the case and whether they should be discoverable.

The entry shall be:

Discovery order issued. The clerk is directed to incorporate this order in the docket by reference present to Rule 79(a).

2

Dated: June 16, 2005

Thomas D. Warren
Justice, Superior Court

3

THOMAS MARJERISON, ESQ.
415 CONGRESS STREET
PO BOX 4600
PORTLAND, ME 04112

*Def. C&J cop.*

RONALD CULLENBERG, ESQ.
120 BROADWAY STREET
PO BOX 70
FARMINGTON, ME 04938-0070

*PL, Andrew Neal*

THOMAS MUNDHENK, ESQ.
707 SABLE OAKS DRIVE
SOUTH PORTLAND, ME 04106

*Def. M.W Sewall & Co.*