STATE OF MAINE
KENNEBEC, ss.

GARY REINER,

Petitioner

v.

STATE TAX ASSESSOR,

Respondent

SUPERIOR COURT
CIVIL ACTION
Docket No. AP-07-54

*/ .    · *N*  *5 /Jo ,- ·X·*

DECISION AND ORDER

DONALD L. GARBRECHT
LAW LIBRARY

.lu,

The petitioner seeks judicial review of the respondent's denial of a request for reconsideration of the respondent's assessment that petitioner was liable for income taxes withheld, interest, and penalties as a responsible individual on behalf of Kittery Health Club, Inc. d/b/a Danish Health Club (the Club). Respondent's Statement of Material Facts (RSMF) ¶¶ 43-45. Respondent has moved for summary judgment. M.R. Civ. P. 56.

Facts

The facts of this case are uncontested.[1] On September 30, 2005, following a trial in federal district court, a jury found petitioner guilty beyond reasonable doubt of interstate prostitution conspiracy; violation of the federal Travel Act; inducement of interstate travel to engage in prostitution; and conspiracy to commit money laundering in connection with his role in the operation of the Club. (RSMF ¶¶ 1-3.)

In a post-verdict civil forfeiture proceeding, the Maine District Court made a series of factual findings relating to the proper amount of forfeiture award against the

---

[1] The respondent filed a statement of material facts (RSMF). The petitioner's response to the RSMF contains no record citations as required. M.R. Civ. P. 56(h)(2). Accordingly, the RSMF are deemed admitted. Id. 56(h)(4).

The petitioner also filed a statement of material facts. M.R. Civ. P. 56(h)(2). Because petitioner's statements of fact contain no record citations, the court "may disregard any statement of fact not supported by a specific citation to record material..." Id. 56(h)(4).

petitioner in connection with the Club's illegal business activities between August 23, 2000 and June 9, 2004. (Id. ¶¶ 5-6; see United States v. Reiner, 397 F. Supp. 2d 101 (D. Me. 2005).) Among the District Court's findings were 1) the sole purpose of the Club was prostitution and all deposits related to the Club were illegal proceeds; 2) the petitioner's relationship to the Club was not merely that of an attorney acting to counsel the Club; 3) the petitioner was affirmatively acting to assist the Club in its illegal business activities; 4) the petitioner was involved in the day-to-day business management of the Club, including handling of employment issues and customer disputes on behalf of the Club; 5) the petitioner participated in the hiring and licensing of the Club's masseuses/prostitutes; 6) the petitioner met and spoke regularly with the masseuses/prostitutes' "pimps," particularly when the customers complained about a particular masseuse/prostitute; 7) the petitioner participated in the design of an advertising scheme on behalf of the Club; 8) the petitioner assumed a personal role in the Club's revenue collections, including business deposits and withdrawals on the Club's behalf; 9) the petitioner personally took custody of the Club's receipts and deposited them in the Club's business operating account; 10) the Club's deposits were disbursed, *inter alia*, to a trust, for which the petitioner was a trustee, to the petitioner, and to the petitioner's law firm; 11) the petitioner aided and abetted the Club's generation of illegal revenue throughout the time period and assumed a leadership role in the Club's business. (RSMF ¶¶ 11-22.)

On appeal, the First Circuit affirmed the findings of the District Court. (RSMF ¶ 23; see United States v. Reiner, 500 F.3d 10 (1st Cir. 2007).) The First Circuit expanded on the findings and conclusions of the District Court as follows: 1) the petitioner personally ran the Club between 2001-2004; 2) he was responsible for all personnel decisions regarding the female masseuses/prostitutes; 3) he handled all financial

2

aspects of the Club's business; 4) he was responsible for the content of the Club's print advertisement that ran in various newspapers and periodicals in late 2003 and early 2004. (RSMF ¶¶ 24; 29; 32-34.) The First Circuit also upheld the District Court's sentencing adjustment based on the petitioner's extensive involvement and leadership role in running the Club. (RSMF ¶¶ 35-39.)

Discussion

The respondent argues that because of the findings of the Federal District Court and First Circuit Court, the petitioner is collaterally estopped from raising the issue he now raises in this petition for judicial review, that he is not a "responsible individual" pursuant to 36 M.R.S.A. 177(1).

> Issue preclusion, or collateral estoppel, "prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." Whereas claim preclusion is focused on the claims set forth in prior proceeding, collateral estoppel concerns factual issues, and applies even when the two proceedings offer different types of remedies. Collateral estoppel can be applied to administrative proceedings as well as to court proceedings.

Portland Water District v. Town of Standish, 2008 ME 23, ¶ 9, 940 A.2d 1097, 1100 (quoting Macomber v. MacQuinn-Tweedie, 2003 ME 121, ¶ 22, 834 A.2d 131, 138-39).

The petitioner argues that the respondent was not a party to the prior litigation and tax liability was not the issue. The fact that the respondent was not a party to the prior litigation is irrelevant; the party sought to be estopped, the petitioner, was a party to the prior litigation. Id.

The issue is whether the petitioner had fair opportunity and incentive to litigate the factual issue involved in his petition for judicial review: does the petitioner qualify as a "responsible individual" because he was "responsible for the control or management of the funds or finances" of the Club or "was responsible for the payment

3

of [its] taxes."[2] 36 M.R.S.A. § 177(1).   This record makes clear that the petitioner had an incentive to, and did, litigate these very factual issues in an effort to demonstrate that he had little control over, and responsibility for, the finances of the Club. Portland Water District ¶ 9, 940 A.2d at 1100; RSMF ¶¶ 11-22, 24, 29, 32-39.   The factual issues surrounding responsibility for the control of the funds and finances of the company were litigated in the forfeiture proceedings "on the merits and determined by a valid final judgment"; those issues were "essential to the judgment." Sargent v. Buckley, 1997 ME 159, ¶ 6, 697 A.2d 1272, 1274-75.  The petitioner is collaterally estopped from relitigating those factual questions.  Applying the principles from Prescott to the facts found by the Maine District Court and First Circuit, detailed above, the petitioner was a "responsible individual" for purposes of § 177.

The entry is

> The Respondent's Motion for Summary Judgment is GRANTED.  Judgment is entered in favor of the Respondent State Tax Assessor and against the Petitioner Gary Reiner on all issues raised in this Rule 80C Petition.

Date: May 20, 2008

Nancy Mills
Justice, Superior Court

---

[2] The Law Court has outlined several principles used to determine whether someone is a responsible individual under § 177:   1) the assessed person has the burden to show he is not a "responsible person"; 2) the term "responsible" is given a broad interpretation aimed at determining whether the individual "had the power to determine whether the taxes should be remitted or paid or had the final word as to what bills should or should not be paid and when"; 3) responsibility is placed upon all individuals with responsibility and authority to avoid default; 4) responsibility is based on the employee's function in the business; 5) in the absence of evidence establishing precise responsibility, an individual can be responsible if he holds corporate office, has check signing or co-signatory authority, or is involved in day-to-day management; 6) to be responsible, the person need not have exclusive control; 7) instructions from a superior not to pay taxes does not take a person out of the "responsible person" category; 8) delegation of responsibility for financial matters does not relieve the person of liability; and 9) "the existence of authority in the general management and fiscal decisionmaking of the company, regardless of whether the authority is actually exercised, is determinative." Prescott v. State Tax Assessor, 1998 ME 250, ¶¶ 8-15, 721 A.2d 169, 173-74.

4

Date Filed __8/15/07__ ___Kennebec___ Docket No. __AP-07-54__
County

Action __Petition For Review__
80C

Gary Reiner                          vs.        Maine Revenue Services / Bureau of Taxatior

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| John G. Richardson, Esq.<br>Mullaney & Richardson<br>One Wakefield Street, Suite 309<br>Rochester, NH  03867 | Scott W. Boak, AAG<br>6 State House Station<br>Augusta Maine  04333-0006 |

| Date of Entry | |
|---|---|
| 8/15/07 | Second Petition For Review Of Administrative Decision, filed. s/Richardson, Esq. |
| 8/24/07 | Letter entering appearance, filed. s/Boak, AAG **(no record to be filed)** |
| 9/19/07 | 9/17/07:Notification of Discovery ServiceServed on John Richardson, Esq. on 9/14/07.Filed by S. Baok,AAG |
| 9/19/07 | Respondent's Motion for an Order to Specify the Future Course of Proceedings, filed. s/Boak, AAG   (9/14/07)<br>Proposed Order, filed. |
| 10/16/07 | 10/15/07ORDER SPECIFYING FUTURE   COURSE   OF   PROCEEDINGS   GRANTED.JudgeMills |
| 10/16/07 | Copies mailed to parties |
| 10/24/07 | Rule 26(G) letter, filed.  s/Boak, AAG |
| 10/30/07 | ORDER Compelling Answers To Interrogatories and Production of Documents filed.  Copy of order sent to counsel of record.  This Order is incorporated into the docket by reference at the specific direction of the court.<br>Marden, J. 10/26/07. |
| 11/6/07 | Motion for Reconsideration, filed. s/Richardson, Esq.(11/5/07)<br>Respondent's Objection to Petitioner's Motion for Reconsideration, filed. s/Boak, AAG<br>Notification of Discovery Service, filed. s/Richardson, Esq.<br>Petitioner's Responses to State Tax Assessor's First Request for Production of Documents; and Petitioner's Answers to State Tax Assessor's First Set of Interrogatories served on State Tax Assessor on 11/5/07. |
| 12/4/07 | Decision and Order on Motion for Summary Judgment, filed. s/Boak, AAG<br>Statement of Material Facts, filed. s/Boak, AAG<br>Request for a Hearing, filed. s/Boak, AAG |
| _____ | Discovery Dispute Conference scheduled for December 5, 9:00 |
| 12/4/07 | State Tax Assessor's Motion for Summary Judgment, filed. s/Boak, AAG. |

| Date of Entry | Docket No. _____ |
|---|---|
| 12/7/07 | ORDER ON MOTION FOR RECONSIDERATION, Marden, J.<br>Motion GRANTED; $300.00 sanction rescinded.<br>Copies mailed to attys of record. |
| 12/26/07 | Motion for Extension of Time to Answer Motion for Summary Judgment, filed. s/Richardson, Esq.<br>Certificate of Service, filed. s/Richardson, Esq. |
| 1/15/08 | MOTION FOR EXTENSION OF TIME, Jabar, J.<br>Motion granted. Petitioner has until Feb.1,2008 to file its response.<br>Copies mailed to attys. of record. |
| 1/31/08 | Petitioner's Opposition to Respondent's Motion for Summary Judgment, filed. s/Richardson, Esq.<br>Petitioner's Answers to Respondent's Statemtn of Material Facts, filed. s/Richardson, Esq.<br>Petitioner's Statement of Material Facts Pursuant to M.R.CIV.P.56 and Supporting Affidavit, filed. s/Richardson, Esq.<br>Argument and Memorandum of Law on Collateral Estoppel of Issue Preclusion, filed. s/Richardson, Esq.<br>Proposed Order, filed. |
| 2/5/08 | State Tax Assessor's Reply in Support of Motion for Summary Judgment, filed. s/Boak, AAG<br>State Tax Assessor's Reply to Petitioner's Statement of Additional Material Facts, filed. s/Boak, AAG |
| 2/25/08 | Redacted replacement copy of Exhibit A to the affidavit of Philip Young, which was filed by the State Tax Assessor in 12/07 in support of the Assessor's motion for summary judgment. s/ Boak. |
| 5/21/08 | DECISION AND ORDER, Mills, J.  (5/20/08)<br>The Respondent's Motion for Summary Judgment is GRANTED.  Judgment is entered in favor of the Respondent State Tax Assessor and against the Petitioner Gary Reiner on all issues raised in this Rule 80C Petition.<br><br>Copy mailed to attorneys of record.<br>Copy mailed to repositories. |