STATE OF MAINE
CUMBERLAND, ss.

BUSINESS & CONSUMER COURT
Location: Portland
Docket No. BCD-CV-07-08
JCN-CUM- 12/11/2012

TD BANKNORTH, N.A.,

    Plaintiff

v.

BENJAMIN HAWKINS,

    Defendant

**DECISION AND ORDER**
(Motion for Summary Judgment)

This matter is before the Court on Motion for Summary Judgment of Plaintiff TD Banknorth. Through its motion, Plaintiff contends that the remaining issues either have been previously resolved, or are issues for which a material dispute of fact does not exist.

I.    Standard of Review

M.R. Civ. P. 56(c) instructs that summary judgment is warranted if "the pleadings, depositions, answers to interrogatories, and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." For purposes of summary judgment, a "material fact is one having the potential to affect the outcome of the suit." *Burdzel v. Sobus*, 2000 ME 84, ¶ 6, 750 A.2d 573. "A genuine issue of material fact exists when there is sufficient evidence to require a fact-finder to choose between competing versions of the truth at trial." *Lever v. Acadia Hosp. Corp.*, 2004 ME 35, ¶ 2, 845 A.2d 1178.

II.     Discussion

Plaintiff principally contends that summary judgment is warranted because the Court has previously decided the central issues in the parties' dispute. In other words, Plaintiff argues that the Court should enter summary judgment based on the doctrine of res judicata. In particular, Plaintiff asserts that the Court's entry of judgment against Defendant in his fraud claim against Lawrence Wold,[1] a bank officer employed by Plaintiff, precludes Defendant from raising certain defenses to Plaintiff's allegations in this matter. Defendant maintains that resolution of his fraud claim against Mr. Wold does not resolve all of the affirmative defenses in this case, including the defense of equitable estoppel.

Res judicata "prevents the relitigation of matters already decided." *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 7, 940 A.2d 1097, 1099. The doctrine of res judicata is comprised of two distinct, though related, components: claim preclusion and issue preclusion. *See id.* "Claim preclusion prevents relitigation if: (1) the same parties or their privies are involved in both actions; (2) a valid final judgment was entered in the prior action; and (3) the matters presented for decision in the second action were, or might have been litigated in the first action." *Id.* ¶ 8, 940 A.2d at 1099 (quotation marks omitted). "Issue preclusion, also referred to as collateral estoppel, prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and . . . the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding." *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131, 138-39 (quotations marks and citations omitted).

---

[1] *Benjamin Hawkins, et al,. v. Lawrence Wold* (BCD-CV-08-16).

Defendant argues that contrary to Plaintiff's contention, he Court has not previously considered the merit of the defense of equitable estoppel. Accordingly, Defendant contends that the Court must deny Plaintiff's motion.

In *Blue Star Corporation v. CKF Properties, LLC, et al.*, 2009 ME 101, ¶ 27, 980 A.2d 1270, 1277, the Law Court wrote, "[e]quitable estoppel "precludes a party from asserting rights which might perhaps have otherwise existed . . . against another person who has in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right." (citing *Dep't of Health & Human Servs. V. Pelletier*, 2009 ME 11, ¶ 17, 964 A.2d 630, 635. Equitable estoppel requires a misrepresentation that 'may arise through a combination of misleading statements, conduct, or silence.'" (quoting *Dep't of Health & Human Servs. v. Pelletier*, 2009 ME 11, ¶ 18, 964 A.2d 630, 636).

In this case, whether Mr. Wold made fraudulent misrepresentations, upon which Defendant Hawkins relied, is an issue that was, as Plaintiff asserts, previously resolved. To the extent that Defendant Hawkins equitable estoppel argument is based upon Mr. Wold's alleged intentional misrepresentations, Defendant Hawkins cannot prevail on his equitable estoppel defense.

Nevertheless, because Defendant Hawkins need not establish that Mr. Wold intended to mislead Defendant Hawkins (*Gorham Savings Bank v. MacDonald*, 710 A.2d 916, 919 (Me. 1998)), and because the misrepresentation can be based upon a party's conduct or the party's silence (*Dep't of Health & Human Servs. V. Pelletier*, 2009 ME 11, ¶18, 964 A.2d 630, 636)), the Court cannot conclude that the resolution of the fraud claims in favor of Mr. Wold preclude recovery in this matter. The elements of proof are not identical, and Defendant Hawkins could conceivably prove equitable estoppel on

facts that would not give rise to fraud. Plaintiff is not, therefore, entitled to summary judgment on the basis of res judicata.

Plaintiff's alternative arguments in support of summary judgment (i.e., the fact that the loan was in default upon commencement of litigation, or the fact that the Court's allowance of Plaintiff's supplemental complaint moots any argument as to whether the loan was in dispute at the commencement of this action) all require the resolution of factual issues that are in dispute (e.g., the circumstances giving rise to the alleged default, and whether Plaintiff provided proper notice of the alleged default). Accordingly, Plaintiff is not entitled to summary judgment.

Conclusion

Based on the foregoing analysis, the Court denies Plaintiff's Motion for Summary Judgment.

Pursuant to M.R. Civ. P. 79(a), the Clerk shall incorporate this Decision and Order into the docket by reference.

Dated: 12/11/12

_____
Justice, Maine Business & Consumer Court

**BCD-CV-07-08**
**TD Banknorth**      v.      **Benjamin Hawkins**

Edward MacColl, Esq.
Thompson Bull
PO Box 447
Portland ME  04112

Russell Pierce, Esq.
Norman Hanson Detroy
PO Box 4600
Portland ME  04112