STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-16-21

MARCEL DUBOIS and
SOL FEDDER,

Petitioners,

v.

**ORDER**

MAINE OFFICE OF THE
ATTORNEY GENERAL,
ASSISTANT ATTORNEY
GENERAL EMILY GREEN,
and ASSISTANT ATTORNEY
GENERAL SCOTT BOAK,

Respondent.

## I.    Background

This case arises from an ongoing dispute between Dubois Livestock, Inc. ("Dubois Livestock") and the Maine Department of Environmental Protection (MDEP) and Maine Department of Agriculture, Conservation, and Forestry (MDACF).[1]

### a.  Procedural History

Pursuant to the Maine Freedom of Access Act,[2] petitioners Marcel Dubois and Sol Fedder appeal respondent Maine Office of the Attorney General, Assistant Attorney General Emily Green, and Assistant Attorney General Scott Boak's (hereinafter collectively "Office of Attorney General") refusal to disclosure requested records.

On April 27, 2016, the Office of Attorney General received a Freedom of Access Act

---

[1] At least two other cases that have come before this court involve the same petitioners and underlying dispute. This court previously denied petitioners' FOAA appeal in *Dubois v. Me. Dep't of Envtl. Prot.*, No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014). This court also heard arguments in another of petitioners' appeals (No. AP-16-22) on the same day arguments were heard in this appeal, December 14, 2016.

[2] 1 M.R.S. §§ 400 (2016) et seq.

(FOAA) request from Sol Fedder on behalf of Dubois Livestock. The FOAA request sought the drafts of a MDACF letter that was sent to Dubois Livestock and the "notes, reports, minutes and other things, related to meeting [sic] held on or about December 4, 2015[.]" (Def's' Ex. A.) On April 29, 2016, the Office of Attorney General denied the request and asserted the work product doctrine pursuant to 1 M.R.S. § 402(3)(B).

Petitioners appealed the denial on May 26, 2016. *See* § 409(1). The court issued a scheduling order on August 2, 2016, which ordered the Office of Attorney General submit both the documents at issue for *in camera* review and an exception log detailing the documents and the reasons for why they were withheld. The court has inspected *in camera* all documents submitted. Oral argument was held on December 14, 2016.

### b. Facts

Dubois Livestock owns Dubois Composting Facility, which is licensed and regulated by MDEP. (Hopkins Aff. ¶ 2; Randall Aff. ¶ 4.) Michael Clark is an employee of MDEP. (Hopkins Aff. ¶ 2.) One of his roles at MDEP is as the project manager for the Dubois Composting Facility. (Hopkins Aff. ¶ 2.) Matt Randall is the agricultural compliance supervisor for MDACF. (Randal Aff. ¶ 1.) In 2015, MDEP and MDACF began receiving numerous odor complaints against Dubois Livestock. (Hopkins Aff. ¶ 6; Randall Aff. ¶ 2.) MDEP and MDACF began jointly investigating the complaints and coordinated enforcement efforts because of the overlapping agricultural compliance and environmental concerns. (Hopkins Aff. ¶ 6; Randall Aff. ¶¶ 2-3.) They determined that Dubois Livestock spread a mixture of materials that included clamshells, lobster claws, and rubber bands on fields near the composting facility. (Hopkins Aff. ¶ 6; Randall Aff. ¶ 4.) On May 8, 2015, MDEP requested information from Dubois Livestock about the material spread on the fields. (Hopkins Aff. ¶ 7.) On May 11, 2015, Dubois Livestock

2

responded to the request by informing MDEP that it intended to file a criminal trespass complaint against the agency for entering the farm property without permission. (Hopkins Aff. ¶ 8.) At that point, MDACF subjectively anticipated litigation would ensue against Dubois Livestock. (Hopkins Aff. ¶ 10.)

On behalf of MDACF, Mr. Randall sent Dubois Livestock a letter on October 16, 2015 that requested information about the mix of materials spread on the fields. (Randall Aff. ¶ 6.) On October 28, 2015, MDACF received a letter from Dubois Livestock, which stated that it would not be "coerced or bullied into answering questions about [its] farming operation by any agency." (Randall Aff. ¶ 7.)

On November 20, 2015, MDEP filed an enforcement action against Dubois Livestock in York County Superior Court (No. CV-15-262). (Randall Aff. ¶ 8.) As of early November 2015, MDACF also contemplated bringing a separate action against Dubois Livestock to enforce agricultural compliance laws. (Randall Aff. ¶ 9.) Assistant Attorney Mark Randlett represented MDACF in regard to its disputes with Dubois Livestock, and Assistant Attorneys General Emily Green and Scott Boak have represented MDEP in regard to its disputes with Dubois Livestock. (Randall Aff. ¶ 10; Hopkins Aff. ¶ 10.)

## II. Discussion

### a. Collateral Estoppel

Respondents argue that as a result of this court's court decision in *Dubois v. Me. Dep't of Envtl. Prot.*, No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014), collateral estoppel prevents petitioners from challenging the applicability of the work product doctrine in this matter. (Def's' Br. at 15.) "Issue preclusion, or collateral estoppel, 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and

3

the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'" *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 9, 940 A.2d 1097 (quoting *Macomber v. MacQuinn-Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131.) "A party asserting collateral estoppel has the burden of demonstrating that the specific issue was actually decided in the earlier proceeding." *Macomber*, 2003 ME 121, ¶ 25, 834 A.2d 131.

It is undisputed that the May 18, 2016 decision in *Dubois v. Me. Dep't of Envtl. Prot.* is a valid final judgment. Petitioners argue collateral estoppel does not apply because this action does not have the same parties or their privies as the initial action and because the subject matter of this action is new and different because the records were unknown to petitioners during the prior proceeding against MDEP. Maine does not require mutuality of estoppel for collateral estoppel to apply. *Hossler v. Barry*, 403 A.2d 762, 770 (Me. 1979) (holing "that lack of mutuality of estoppel will no longer prevent the application of collateral estoppel.") Thus, the fact that defendants are not the same parties or their privies does not bar the application of collateral estoppel in this case.

However, whether the work product doctrine applies is determined on a document-by-document basis.[3] *See Springfield Terminal Ry. Co. v. DOT*, 2000 ME 126, ¶ 16, 754 A.2d 353 ("A document is protected as work product only if it was created because of the party's subjective anticipation of future litigation.") Therefore, unless the court found in the prior litigation that the work product doctrine applied to the same documents at issue in this appeal it cannot be said that the identical issue was determined in the prior judgment. As stated above, the Office of Attorney General has the "burden of demonstrating that the specific issue was actually decided in the earlier proceeding." *Macomber*, 2003 ME 121, ¶ 25, 834 A.2d 131. The Office of

---

[3] To the extent that respondents are arguing the court already found there was a subjectively and objectively reasonable aniticipation of litigationin these given circumstances, the court agrees. However, it is not clear from their brief if their collateral estoppel argument is limited to that particular element.

4

Attorney General fails to demonstrate the records petitioners seek in this appeal are the same previously reviewed by this court in deciding *Dubois v. Me. Dep't of Envtl. Prot.*[4] Therefore, collateral estoppel does not bar this appeal.

### b. FOAA Standard

"Maine's Freedom of Access Act establishes a general right of the public to inspect and copy public records." *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 8, 106 A.3d 1145. "Public records" are defined by statute as follows:

> The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business[.]

1 M.R.S. § 402(3). However, statute also provides exceptions to the rule. As relevant here, public records do not include "[r]ecords that would be within the scope of a rule against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding[.]" § 402(3)(B).

"[B]ecause the Freedom of Access Act mandates that its provisions shall be liberally construed, [the court] must interpret strictly any statutory exceptions to its requirements." *Doe v. Department of Mental Health, Mental Retardation & Substance Abuse Servs.*, 1997 ME 195, ¶ 8, 699 A.2d 422 (internal quotations and citations omitted). The agency has the burden of proof to "establish 'just and proper cause' for the denial of a Freedom of Access Act request." *Springfield Terminal Ry. Co.*, 2000 ME 126, ¶ 9, 754 A.2d 353. Information may be redacted from an otherwise public record to prevent disclosure when it is not subject to disclosure under FOAA.

---

[4] The file for AP-15-28 is currently in the possession of the Law Court.

*Doyle*, 2014 ME 151, ¶ 9, 106 A.3d 1145.

### i. Work Product Doctrine

Respondents denied the petitioners' FOAA request asserting the work product exception to public records. "M.R. Civ. P. 26(b)(3) provides that material prepared in anticipation of trial shall be discoverable only upon a showing of substantial need." *New England Tel & Tel. Co. v. Public Utilities Com.*, 448 A.2d 272, 283 (Me. 1982). Rule 26(b)(3) reads in relevant part as follows:

> [A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

"A document is protected as work product only if it was created because of the party's subjective anticipation of future litigation." *Springfield Terminal Ry. Co.*, 2000 ME 126, ¶ 16, 754 A.2d 353. In addition, the anticipation must be "objectively reasonable." *Id.* "The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Id.* ¶ 19 (quoting *National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992)). "'A party generally must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation.'" *Id.* ¶ *17.* "'[A] document prepared in the regular course of business may be prepared in anticipation of litigation when the party's business is to prepare for litigation.'" *Harriman v. Maddocks*, 518 A.2d 1027, 1034 (Me. 1986) (quoting *Ashmead v. Harris*, 336 N.W.2d 197, 200 (Iowa 1983)).

In May 2015, petitioners expressed an intention to bring criminal charges against MDEP. On September 24, 2015, petitioners appealed MDEP's denial of an earlier FOAA request to this court. On November 20, 2015, after months of odor complaints and investigation, MDEP filed a civil complaint against petitioners in this court (CV-15-262). Respondents Green and Boak[5] have represented MDEP in connection with the disputes between Dubois Livestock and the agency. The Office of Attorney General is the employer of Green and Boak. The Office of Attorney General also employs Assistant Attorney General Mark Randlett, the custodian of the documents. Randlett represented MDACF in regard to its disputes with petitioners at the time the documents were created. MDACF had been investigating the complaints with MDEP since May 2015. On October 28, 2015, MDACF received a letter from petitioners indicating they would not comply with requests for information from the agency in relation to the investigation. At that point, MDACF considered bringing its own enforcement action based on the unresolved complaints, petitioners' continuing refusal to cooperate with the investigation and provide requested information, and the letter received October 28, 2015. The parties subjectively anticipated litigation and such anticipation was also objectively reasonable.[6]

The FOAA Exception Log filed by respondents on July 15, 2016 discloses that documents 1 through 20 are a series of emails between employees of MDEP, MDACF, and the Office of Attorney General referencing a meeting that was held on or about December 4, 2015 to address ongoing issues with Dubois Livestock. (Resp'ts' Br. 7.) After *in camera* review, the

[5] Respondent Assistant Attorney General Boak was not included on any of the emails submitted to the court as documents 1 through 20. (See Exceptions Log.)

[6] Dubois Livestock argues that MDACF failed to follow its own regulations in order to bring litigation against Dubois Livestock. It also asserts that this failure demonstrates MDACF did not anticipate litigation. Assuming it is true that MDACF did not follow procedural prerequisites to brining litigation against Dubois Livestock, such an argument may form a basis for dismissing any such action. However, it does not negate the fact that they were subjectively and objectively anticipating litigation based on the unfolding series of events between May 2015 and November 2015.

court finds these emails are not work product. *See Boccaleri v. Maine Medical Center*, 534 A.2d 671, 673 (Me. 1987) (holding a letter was not protected by the work product doctrine when it "was not in direct response to any questions nor does it contain any discussion of trial strategy."). They merely contain correspondence between Office of Attorney General attorneys and their clients, MDEP and MDACF, about the scheduling of a meeting.

On the other hand, documents 21 through 31 are protected by the work product doctrine. They contain mental impressions, conclusions, and legal theories. The letter and its various drafts were crafted in anticipation of litigation.

### ii. Attorney Fees

A petitioner may only recover attorney's fees in a FOAA appeal upon the court's finding that the refusal to disclose the documents was committed in bad faith. 1 M.R.S. 409(4) (2016). The court finds the Office of Attorney General acted in good faith.

## III. Conclusion

In consideration of the above, the court concludes that the Office of Attorney General properly withheld the edited drafts of the letter under the work product doctrine, but improperly withheld the emails. The Office of Attorney General had "just and proper cause" to withhold the letter drafts and edits. *Town of Burlington*, 2001 ME 59, ¶ 13, 769 A.2d 857.

The entry shall be:

> The appeal is GRANTED as to documents 1-20 filed under seal and identified in the FOAA Exceptions Log. The Office of Attorney General shall produce the documents. The appeal is DENIED in all other respects.

SO ORDERED.

4/12/17

John O'Neil, Jr.
Justice, Superior Court

ENTERED ON THE DOCKET ON: 4/12/17

8

AP-16-21

PRO SE PLAINTIFFS:


MARCEL DUBOIS
2 IRVING ROAD
ARUNDEL ME 04046

SOL FEDDER
2 IRVING ROAD
ARUNDEL ME 04046



ATTORNEY FOR DEFENDANT:

THOMAS KNOWLTON, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006