MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2014 ME 151
Docket:        Cum-14-227
Submitted
 On Briefs:   December 1, 2014
Decided:       December 23, 2014

Panel:         ALEXANDER, MEAD, GORMAN, JABAR, and HJELM, JJ.


MICHAEL A. DOYLE

v.

TOWN OF FALMOUTH et al.


PER CURIAM

[¶1]   Michael A. Doyle appeals from a judgment of the Superior Court (Cumberland County, *Warren, J.*) entered in favor of the Town of Falmouth and the Falmouth School Department, following the partial denial of Doyle's request pursuant to the Freedom of Access Act (FOAA), 1 M.R.S. §§ 400-414 (2014),[1] for the unredacted cellular telephone records of the former Superintendent of Schools. Doyle contends that the court erred in permitting the School Department to redact from the records certain line telephone and cellular telephone numbers.[2]   We affirm.

---

[1]  Title 1 M.R.S. § 402 (2013), which was in effect at the time of the events underlying this case, has since been amended.  P.L. 2013 c. 518, §§ 1-3 (effective Aug. 1, 2014) (codified at 1 M.R.S. § 402 (2014)).  The amendment in no way affects our analysis.

[2]  Doyle also contends that the court erred in denying his request to review the redacted information when it was submitted to the court for *in camera* inspection.  However, as his request could not be

## I. CASE HISTORY

[¶2]  The relevant facts are not in dispute.  On or about October 30, 2013, Doyle submitted a FOAA request to the Town seeking to inspect and copy the July, August, and September 2013 cellular telephone bills of the School Department's former Superintendent.  The Superintendent and other Falmouth School Department employees are provided with school-issued cellular telephones, paid for by the School Department.  There is no rule or policy preventing employees from using their school-issued cellular telephones for personal purposes.

[¶3]  In response to Doyle's FOAA request, the former Superintendent provided the Town with copies of her cellular telephone records for July, August, and September 2013, redacting the information she considered nonpublic and confidential, exempt from disclosure pursuant to the Act, or beyond the scope of Doyle's FOAA request.  The Town then made copies of those redacted records available to Doyle.

[¶4]  Doyle appealed from the Town's and School Department's actions to the Superior Court pursuant to 1 M.R.S. § 409(1).  Doyle alleged that the Town

---

granted without disclosing the information that the School Department was entitled to withhold, there was no error in the court's denial of the request.

and the School Department failed to comply with his FOAA request, and that he was entitled to receive unredacted copies of the cellular telephone records.

[¶5] The court directed the Town and School Department to submit unredacted records for the court's *in camera* review and provide a copy of all such supporting papers to Doyle, "except for those that would disclose the records or information or portions thereof that the [Town and School Department] contend are not public records subject to disclosure." The Town and School Department complied with the court's order and filed a memorandum of law outlining the legal basis for each redaction, together with an affidavit by the former Superintendent, a spreadsheet identifying the nature of the call for each telephone number that was redacted, and the unredacted cellular telephone records for *in camera* review only. Doyle was provided with the same bills and supporting documentation except with the subject telephone numbers redacted.[3] The redacted copies of the cellular telephone records indicate the date, time, and duration of all calls placed or received by the former Superintendent, as well as the total amount charged to the School Department for the Superintendent's use of the telephone.

[¶6] After full briefing by the parties regarding the legal bases for redaction, the Superior Court entered judgment in favor of the Town and School Department.

---

[3] In the course of preparing the filing, the School Department discovered that several telephone numbers had originally been redacted in error. Thereafter, the School Department provided Doyle and the court with corrected redacted copies.

4

The court concluded that (1) the cellular telephone numbers of School Department employees, including the former Superintendent, are exempt from the definition of "public records" pursuant to 1 M.R.S. § 402(3)(O); (2) records of personal telephone calls—those made or received in connection with a school official's personal matters—are not public records pursuant to the Act; and (3) the telephone numbers of Falmouth students' parents are confidential pursuant to the federal Family Education Rights and Privacy Act (FERPA) and are therefore exempt from the definition of public records. *See* 20 U.S.C.A. § 1232g (West, Westlaw through P.L. 113-185 approved 10-6-14); 20-A M.R.S. § 6001(1) (2014); 1 M.R.S. § 402(3)(A).

[¶7]  Doyle filed this timely appeal pursuant to 14 M.R.S. § 1851 (2014), M.R. Civ. P. 80B(n), and M.R. App. P. 2(b)(3).

## II.  LEGAL ANALYSIS

[¶8]  Maine's Freedom of Access Act establishes a general right of the public to inspect and copy public records.  1 M.R.S. § 408-A.  The term "public records" is defined by the Act to include records that are in the "possession or custody of an agency or public official of this [s]tate or any of its political subdivisions" that have "been received or prepared for use in connection with the transaction of public or governmental business or [that] contain[] information relating to the transaction of public or governmental business."  1 M.R.S. § 402(3).

The Act lists a number of exceptions to the definition of "public records." *See* 1 M.R.S. § 402(3)(A)-(T). "The burden of proof is on the agency or political subdivision from which the information is sought to establish just and proper cause for the denial of a FOAA request." *MaineToday Media, Inc. v. State*, 2013 ME 100, ¶ 9, 82 A.3d 104.

[¶9] When a public record contains information that is not subject to disclosure under FOAA, the information may be redacted to prevent disclosure. *See, e.g.*, *Cyr v. Madawaska Sch. Dept.*, 2007 ME 28, ¶ 11, 916 A.2d 967; *Wiggins v. McDevitt*, 473 A.2d 420, 424 (Me. 1984). Thus, redacting portions of cellular telephone records that are exempt from disclosure pursuant to the FOAA is permissible.

A.    Personal Telephone Numbers of Public Employees

[¶10] The exceptions to the Act's disclosure requirement are strictly construed to promote the Act's underlying policies and purposes. *Moffett v. City of Portland*, 400 A.2d 340, 348 (Me. 1979); *see* 1 M.R.S. § 401. The Act exempts from disclosure "personal contact information," which is defined as a public employee's "home address, home telephone number . . . personal cellular telephone number and personal pager." 1 M.R.S. § 402(3)(O). To interpret the scope of this exception, we look to the plain meaning of the statutory language to give effect to the legislative intent. *Hickson v. Vescom Corp.*, 2014 ME 27, ¶ 15,

87 A.3d 704. "If the plain meaning of the text does not resolve an interpretive issue raised, we then consider the statute's history, underlying policy, and other extrinsic factors to ascertain legislative intent." *In re Wage Payment Litig.*, 2000 ME 162, ¶ 4, 759 A.2d 217.

[¶11] In this case, the plain language of the Act does not establish whether a "personal cellular telephone number" must be exclusively personal in nature or whether a work-issued cellular telephone number that may be used for personal purposes falls within the ambit of the exception. The legislative history of 1 M.R.S. § 402(3)(O), however, indicates that the exception for personal contact information was enacted to protect the privacy rights of public employees. *See* Final Report of the Committee to Study Compliance with Maine's Freedom of Access Laws 2-3 (Nov. 2004).

[¶12] Those in favor of enacting the exception urged that disclosing personal information of public employees "does not contribute to the public's understanding of how its government operates," but rather "reduces the privacy rights of citizens who choose to work in public service." Testimony of the Maine Municipal Association In Support of LD 467 (122nd Legis. 2005). Testimony was presented to the Joint Standing Committee on Judiciary demonstrating that many victims of stalking are public employees and that "the privacy of personal contact information is critical to maintain [the] safety [of] any person who is [a] victim of

domestic or sexual abuse and stalking." Testimony of the Maine Coalition to End Domestic Violence In Support of LD 467 (122nd Legis. 2005).

[¶13]   Reviewing section 402(3)(O) with this legislative history, we conclude that public employees' work-issued cellular telephone numbers are exempt from the disclosure requirements of the Act. The telephone numbers of individual public employees (including the former Superintendent) were properly redacted from the Town's response to Doyle's FOAA request, because they are exempt from disclosure pursuant to the Act.

B.   Telephone Numbers Relating to "Personal Use"

[¶14] Public records encompass those records "received or prepared for use in connection with the transaction of public or governmental business or contain[ing] information relating to the transaction of public or governmental business." 1 M.R.S. § 402(3). Although this is a "very broad, all-encompassing definition," which is "subject only to specific exceptions," *Wiggins*, 473 A.2d at 422, its plain language demonstrates that records of personal telephone calls made by the former Superintendent that were unrelated to the transaction of public or government business do not fall within the definition.[4] The Town and School Department did not prohibit the School Department employees who received

---

[4]   According to the former Superintendent's affidavit, this personal information included personal phone calls made to personal health care providers, grandchildren's daycare, family members, and friends.

government-issued cellular telephones from using those phones in connection with their personal matters. That the Town and School Department provided some employees with cellular telephones does not convert all of the calls made on those telephones into public records pursuant to the Act. Therefore, the court did not err in allowing the Town and School Department to redact information concerning calls, other than those related to the Town's business, from the former Superintendent's cellular telephone bills.

C.    Telephone Numbers of Falmouth Students' Parents

[¶15]  "Records that have been designated confidential by statute" are exempt from the definition of public records pursuant to the Act.  1 M.R.S. § 402(3)(A).  Pursuant to the federal Family Educational Rights and Privacy Act of 1974, incorporated into Maine law by 20-A M.R.S. § 6001(1), school departments are prohibited from releasing any personally identifiable information contained in educational records without a parent's written consent.  20 U.S.C.A. § 1232g(b)(1). A school is allowed to release "directory information," which may include telephone numbers, but only if it has given parents advance notice of the information it intends to release.  20 U.S.C.A. §§ 1232g(a)(5), (b)(1).

[¶16]  The Falmouth School Department has adopted a policy that does not include telephone numbers within its directory information.  Because the School Department has not given advance notice to parents that it may release parents' and

students' telephone numbers, it is prohibited from doing so by federal and Maine law. Accordingly, any records containing such information are among those that have been made confidential by statute and were properly redacted as exempt from the definition of pubic records pursuant to the Act.

The entry is:

> Judgment affirmed.

---

**On the briefs:**

Michael A. Doyle, pro se appellant

Peter C. Felmly, Esq., and Reade E. Wilson, Esq., Drummond Woodsum, Portland, for appellee Falmouth School Department

Mark V. Franco, Esq., Thompson & Bowie, LLP, Portland, for appellee Town of Falmouth