STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-15-28

MARCEL DUBOIS, and
SOL FEDDER,

Petitioners,

v.

**ORDER**

MAINE DEPARTMENT OF
ENVIRONMENTAL PROTECTION *et al.*,

Repondents.

## I. Background

This case concerns Maine's Freedom of Access Act ("FOAA"), 1 M.R.S. §§ 400-414. Petitioners appeal to this court contending the Maine Department of Environmental Protection failed to adequately respond to their FOAA requests. 1 M.R.S. § 409(1).

The DEP received petitioners' FOAA request on July 6, 2015. Petitioners requested all public records of all correspondence between DEP project manager Michael Clark and a number public officials from the Town of Arundel between March 15, 2015 and July 6, 2015 "that in any manner relates, pertains, involves or mentions Dubois Livestock, Inc." and Dubois farm. (Resp. Opp. Ex. F.) The Town officials identified in the FOAA request included Planning Board members, Selectmen, past Town Manager

1

Todd Shea, current Town Manager Jack Turcotte, Town Planner Tad Redway, Arundel Code Enforcement Officer Jim Nagle, and Town Attorney Leah Rachin. (Id.)

Petitioner Marcel Dubois owns and manages Dubois Livestock, Inc., which operates a composting facility in Arundel licensed by DEP. Petitioner Sol Fedder serves as clerk and registered agent of the corporation. Odor complaints regarding the Dubois composting facility during spring through fall of 2015 and interactions between petitioners, DEP, and the Town prompted this FOAA request. The composting facility is the subject of another matter presently pending before this court, *State of Maine Department of Environmental Protection et al. v. Dubois Livestock, Inc. et al.*, CV-15-262.

## II. Discussion

### A. Motion to Strike

In support of the brief supporting the various grounds for redacting or withholding documents within the FOAA request, DEP submitted a lengthy affidavit from the DEP Supervisor for the Residuals Management Unit, Carla Hopkins. Petitioners move to strike all 138 paragraphs of the Hopkins affidavit on various theories of inadmissibility. They argue that Hopkins lacks personal knowledge of matters averred in the affidavit, lacked control over the documents at issue, and the affidavit contains inadmissible hearsay.

In relevant part, Rule 56(e) states:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

M.R. Civ. P. 56(e).

An affidavit from an interested witness can establish or dispute a material fact. *Stanley v. Hancock Cnty. Comm'rs*, 2004 ME 157, ¶ 19, 864 A.2d 169; *see also Fuhrmann v. Staples the Office Superstore E., Inc.*, 2012 ME 135, ¶ 16, 58 A.3d 1083 (noting "'self-serving' statements and circumstantial evidence can be used to establish or dispute a material fact"). On the other hand, an affiant's conclusory and unsupported assertion that he or she has personal knowledge may be insufficient to establish or dispute a material fact. *Beneficial Me. Inc. v. Carter*, 2011 ME 77, ¶ 15, 25 A.3d 96 (affidavit failed to state the basis for personal knowledge). The affiant "must show *affirmatively*" that he or she has personal knowledge of the matters asserted. *Id.* (emphasis added).

Hopkins avers that she has served as a supervisor in the Residuals Management Unit since October 2006 and in this capacity has supervised Michael Clark. (Hopkins Aff. ¶ 121.) Clark is the project manager for the Dubois Composting Facility. (Hopkins Aff. ¶ 121.) In her supervisory role, Hopkins is closely involved and apprised of Clark's correspondence and matters related to Dubois Livestock, Inc., including complaints, interactions, and developments at the composting facility. (Hopkins Aff. ¶ 123.) Hopkins avers that based on her position and review of the documents at issue, she has personal knowledge of all matters set forth in her affidavit. (Hopkins Aff. ¶ 124.)

Petitioners argue that because Hopkins relies on information gleaned from documents and third parties, the facts asserted in the affidavit are not based on personal knowledge. Petitioners do not specifically identify paragraphs of the affidavit that are deficient, lodging only general objections to the document as a whole. A review of the affidavit, together with representations about the basis for knowledge, demonstrates adequate foundation and largely establishes Hopkins is competent to testify to a number

3

of matters asserted based on her own personal involvement in the Dubois case at DEP and supervision of Michael Clark. (Hopkins Aff. ¶¶ 122-124.)

The affidavit stretches 51 pages and the court will have to individually review each of the 120 documents at issue to independently ascertain the basis for DEP's redaction or withholding. The court will in any event have to make these determinations in the first instance; there is fairly little substantive evidentiary value in the affidavit. DEP would not dispute this. (Opp. Mot. Strike 2) (characterizing affidavit as "time-saving mechanism" to "facilitate" in camera review of the documents at issue).

To the extent portions of the affidavit are properly based on personal knowledge and assert bare facts, the court will consider them. The court will not, however, consider those portions of the Hopkins affidavit that are not based on personal knowledge, rely on inadmissible hearsay, or set forth legal conclusions. *See* M.R. Civ. P. 56(e).

Absent more targeted objections by petitioners, the court denies the motion to strike. Consistent with Rule 56 and the Rules of Evidence, the court will consider only admissible portions of the Hopkins affidavit to whatever weight deserved in considering the FOAA issues.

**B.    FOAA**

Petitioners have not filed a responsive brief, only the motion to strike, and maintain that DEP is obligated to turn over all documents largely because any possible privilege has been waived.

**1.    Standard**

FOAA intends to promote public access to records and openness in government. 1 M.R.S. § 401. Where members of the public submit a FOAA request, the government

4

actor has the burden "to establish just and proper cause for the denial of a FOAA request." *Town of Burlington v. Hosp. Admin. Dist. No. 1*, 2001 ME 59, ¶ 13, 769 A.2d 857. Under FOAA, the public have the right to inspect and copy any "public record," defined as:

> any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business, except: A. Records that have been designated confidential by statute; B. Records that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding;

1 M.R.S. § 402(3). The Law Court has emphasized that "because the Freedom of Access Act mandates that its provisions 'shall be liberally construed'" courts "must interpret strictly any statutory exceptions to its requirements." *Springfield Terminal Ry. Co. v. DOT*, 2000 ME 126, ¶ 8, 754 A.2d 353 (citation omitted) (quotation marks omitted). "When a public record contains information that is not subject to disclosure under FOAA, the information may be redacted to prevent disclosure." *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 9, 106 A.3d 1145.

### 2.    Basis for Non-disclosure

DEP redacted or withheld certain documents for the following stated reasons: (1) not responsive or outside the scope of the request, (2) protection of confidential

informants' identity, (3) work product privilege, and (4) sensitive personnel records. Having reviewed the documents in camera, the court concludes as follows.[1]

### a. Relevance and the FOAA Request Scope

DEP redacted information or excluded documents that concerned unrelated DEP business and therefore was beyond the request for material "that in any manner relates, pertains, involves or mentions Dubois Livestock, Inc." and Dubois farm. (Resp. Opp. Ex. F.) According to the FOAA privilege log generated by DEP, around 15 or so of the 120 documents within the FOAA request assert "not relevant" as the sole basis for redaction, without citation to legal authority.

Although DEP is correct the information bears no relation to Dubois Livestock, Inc., and therefore technically fell outside the specific FOAA request, there is no authority in the statute or the case law for excising non-confidential or non-privileged information from a document otherwise within the scope of the request on relevance grounds. *See, e.g., Mainetoday Media, Inc. v. State*, 2013 ME 100, ¶ 15 n.11, 82 A.3d 104 ("The issue of redaction itself is also the subject of some dispute. The statute requires the excising of confidential information from an otherwise public document.") (citing 25 M.R.S. § 2929(1)-(3) (2012)); *see also Doyle*, 2014 ME 151, ¶¶ 13-16, 106 A.3d 1145 (holding phone call information and numbers exempt from disclosure under FOAA and therefore Town lawfully redacted information). In both *Mainetoday* and *Doyle*, there were specific grounds that justified redactions within the documents at issue. No such basis for confidentiality or privilege has been asserted here.

---

[1] Petitioners are not entitled to unredacted copies of the redacted documents the court has reviewed as part of the in camera inspection. *See Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 1 n.2, 106 A.3d 1145 (court acted within discretion in denying petitioner's "request to review the redacted information when it was submitted to the court for in camera inspection").

In light of the liberal construction of FOAA, the broad purpose to provide full disclosure, and the strict construction of enumerated exceptions, relevance alone is not a proper basis to redact information within a disclosed public document. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 150 (1989) (noting federal Freedom of Information Act (FOIA) would compel disclosure of materials beyond the scope of ordinary discovery); *Mainetoday Media, Inc.*, 2013 ME 100, ¶ 8 n.5, 82 A.3d 104 ("Cases decided pursuant to FOIA inform our analysis of Maine's FOAA."). DEP has not met its burden to establish a recognized exception to FOAA. DEP must produce unredacted copies of the documents partially redacted on relevance grounds.

DEP contends all other withholdings were done to protect informant identity, privileged work product, or sensitive personnel information. Each ground is considered below.

### b.    Informants

The Maine Rules of Evidence recognize that the state may assert privilege and refuse to disclose the identity of confidential informants. M.R. Evid. 509(a)(1). "[A]n 'informant' is a person who has furnished information relating to or assisting in an investigation of a possible violation of law to: A law enforcement officer conducting an investigation." M.R. Evid. 509(a)(2)(A).  The U.S. Supreme Court, interpreting federal Rule 509 and FOIA, has recognized that evidentiary privilege can defeat an otherwise valid Freedom of Access request served upon an administrative agency. *See EPA v. Mink*, 410 U.S. 73, 89 n.16 (1973).

The DEP redacted addresses, telephone numbers, and other identifiable personal information to protect the identity of confidential informants. Because Clark and DEP

were investigating complaints of odors in Arundel near the Dubois composting facility, Clark's notes document communications with third parties who filed complaints, provided DEP with information, and wished to remain confidential.

Because DEP officials were investigating odor complaints and suspected violations of applicable state laws and regulations, the state is entitled to assert privilege under Rule 509. The exceptions do not apply because the identities of the informants have not been revealed and have not appeared as witnesses for the state. M.R. Evid. 509(c). Because the information was privileged, it was not subject to disclosure under FOAA and lawfully redacted. *See* 1 M.R.S. § 402(3)(A) (excluding "[r]ecords that would be within the scope of a privilege against discovery or use as evidence . . ." from disclosure under FOAA).

### c. Work Product

Under Rule 26, materials generated in anticipation of litigation are protected from discovery.

> [A] party may obtain discovery of documents and tangible things otherwise discoverable under subdivision (b)(1) of this rule and prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Me. R. Civ. P. 26(b)(3).

So-called "work product" is privileged material not subject to disclosure under FOAA. *Springfield Terminal Ry. Co. v. DOT*, 2000 ME 126, ¶ 13, 754 A.2d 353. "A

8

document is protected as work product only if it was created because of the party's subjective anticipation of future litigation." *Id.* ¶ 16. The subjective anticipation of litigation must be objectively reasonable. *Id.* "A party generally must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation" determined by whether under the factual circumstances, "the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *Id.* ¶ 17 (citation omitted) (quotation marks omitted). In determining whether a party reasonably anticipated litigation such that the work product doctrine applies, the preparer must "face[] an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Id.* ¶ 19. The preparer need not be an attorney for the doctrine to apply. *Id.* ¶ 18.

On May 8, 2015, DEP informed Dubois Livestock, Inc. via email that DEP believed the composting facility was violating solid waste rules. Dubois Livestock, Inc. responded by email: "we are filing a complaint against YOU for criminal trespass. You have been told not to come on our Farm Property without us being present. Your choice to surreptitiously enter our POSTED land leaves us no choice but to alert the authorities. Also, if we see you on our property, again, we will call the Sheriff to have you arrested." (Resp. Brief Ex. M.)

DEP asserts that after May 11, 2015, the agency subjectively and reasonably anticipated litigation with Dubois Livestock, Inc., due to increasingly strained and tense communications, suspicion that Dubois was not in compliance with its license and solid waste rules, and efforts between DEP and attorneys to draft an administrative search

9

warrant to conduct a search of the composting facility and to seize samples of materials on the site.

The court's in camera review of the documents reveals that the documents redacted and excluded on the basis of work product doctrine were properly withheld. Following the May 11th email, DEP subjectively and objectively could have anticipated imminent litigation concerning Dubois Livestock, Inc.'s compliance with applicable law. Many of the documents are intra-department emails among DEP staff regarding the Dubois Livestock, Inc.'s compliance, potential enforcement strategies, and efforts to seek the advice of attorneys within the agency and at the Attorney General's Office. These communications and notes fall squarely within work product doctrine privilege. *See* 1 M.R.S. § 402(3)(A).

### d.    Personnel Records

DEP lastly asserts withholding and redaction of documents that contained confidential personnel information.

Certain personnel records are expressly excluded from the definition of "public record" for the purposes of FOAA. 5 M.R.S. § 7070 (expressly referencing 1 M.R.S. § 402). The statute specifically identifies "Medical information of any kind, including information pertaining to diagnosis or treatment of mental or emotional disorders" and "Information pertaining to the personal history, general character or conduct of members of the employee's immediate family." 5 M.R.S. § 7070(2)(A), (D).

DEP asserts the information redacted is confidential under 5 M.R.S. § 7070. Having reviewed the redacted documents, the court concludes the excised portions contained confidential personnel medical and family member information. The

information was therefore outside the definition of "public records" under FOAA and properly withheld. 5 M.R.S. § 7070(2); 1 M.R.S. § 402(3)(B) (excluding records "designated confidential by statute" from "public records" FOAA definition).

## III.    Conclusion

In light of the foregoing, the court concludes that with the exception of materials redacted or withheld solely on the basis of relevance, DEP properly excised confidential or privileged materials from documents produced in response to petitioners' FOAA request.    DEP had "just and proper cause" to exclude the information. *Town of Burlington*, 2001 ME 59, ¶ 13, 769 A.2d 857.

The entry shall be:

> The motion to strike is DENIED. The appeal is GRANTED as to materials withheld solely on the basis of relevance or non-responsiveness to the FOAA request. DEP shall produce the documents without redaction of information deemed irrelevant or nonresponsive. The appeal is DENIED in all other respects. All other requests for relief are DENIED.

SO ORDERED.

DATE: May _18_, 2016

John O'Neil, Jr.
Justice, Superior Court

11