STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO: AP-16-22

MARCEL DUBOIS and
SOL FEDDER,

       Petitioners,

v.

       ORDER

MAINE DEPARTMNET OF
AGRICULTURE and
MATTHEW RANDALL,

       Respondents.

## I.    Background

This case is one in a series that relate to an ongoing dispute between Dubois Livestock, Inc. ("Dubois Livestock") and the Maine Department of Agriculture, Conservation, and Forestry (MDACF); Maine Department of Environmental Protection (MDEP); and the Maine Office of the Attorney General (Office of Attorney General).[1]

### a.  Procedural History

Pursuant to the Maine Freedom of Access Act (FOAA),[2] petitioners Marcel Dubois and Sol Fedder appeal respondents MDACF and Matthew Randall's (hereinafter collectively "MDACF") refusal to disclose requested records.

On February 17, 2016, MDACF received a FOAA request from petitioners. The request sought documents in MDACF's possession that related to Dubois Livestock. MDACF produced

---

[1] At least two other cases that have come before this court involve the same petitioners and underlying dispute. This court previously denied in large part petitioners' FOAA appeal in *Dubois v. Me. Dep't of Envtl. Prot.*, No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014). This court also heard arguments in another of petitioners' appeals (No. AP-16-21) on the same day arguments were heard in this appeal, December 14, 2016.

[2] 1 M.R.S. §§ 400-414 (2016).

responsive documents on April 12, 2016. It did not redact any of the documents. Subsequently, MDACF produced a supplemental response, which included two emails that were redacted in part. The response also notified petitioners that MDACF was withholding two additional emails responsive to petitioners request. MDACF redacted and withheld responsive documents based on its determination that they contained information that was not discoverable under the work product doctrine codified in M.R. Civ. P. 26(b)(3) and/or was privileged under M.R. Evid. 509(a). *See* 1 M.R.S. § 402(3)(B) (2016).

On April 25, 2016, MDACF received a second request from petitioners. The second request was broader, but MDACF did not identify any responsive records that had not already been produced or withheld in response to the first.

On May 25, 2016, petitioners appealed MDACF's refusal to produce certain documents and its redaction of others. *See* § 409(1). The court issued a scheduling order on August 2, 2016, which ordered MDACF to submit the documents at issue for *in camera* review as well as an exception log detailing the documents and the reasons for why they were withheld or redacted. The court has inspected *in camera* all of the documents MDACF submitted. Oral argument was held on December 14, 2016.[3]

### b. Facts

Matthew Randall is the Agricultural Compliance Supervisor for MDACF. (Randall Aff. ¶ 1.) In this role, he responds to complaints MDACF receives concerning Maine farms. (*Id.*) In some circumstances, MDACF and MDEP work together to inspect facilities and enforce

---

[3] It appears that the court has not yet ruled on two outstanding motions in this matter. Petitioners have an outstanding motion that seeks leave to depose Matthew Randall. M.R. Civ. P. 80B(j) only permits discovery in a Rule 80B proceeding when there is to be a trial of the facts, when an independent claim has been joined, or when good cause has been shown. None of these bases apply in this appeal, and therefore, the court denies the motion to depose. Moreover, petitioners could have challenged the facts asserted in Randall's affidavit with their own affidavit. They did not. Petitioners also objected to and moved to strike Randall's affidavit. The objections are overruled and the motion to strike is denied.

2

regulations because there is overlap between agricultural and environmental compliance regulations. (*Id.* ¶ 3.)

In May 2015, MDACF began receiving complaints of foul odors emanating from Dubois Livestock. (*Id.* ¶¶ 2, 4.) MDACF and MDEP jointly investigated the complaints. (*Id.*) Randall, in conjunction with MDEP, conducted inspections at Dubois Livestock on three doccasions between May and October 2015. (*Id.*) In May, Dubois threatened DEP with criminal trespass charges after one of the inspections. (*Id.* ¶ 5.) Randall was aware of this incident. (*Id.*)

In October, Randall asked Dubois Livestock for information on the composition of the mix spread on its fields. (*Id.* ¶ 6.) The only response MDACF received was a letter from Dubois Livestock stating that it would not be bullied into answering questions from any agency about its farming practices. (*Id.* ¶ 7.)

In November 2015, MDEP filed suit against Dubois Livestock in this court (CV-15-262). (*Id.* ¶ 8.) Around the same time, MDACF was considering bringing suit against Dubois to enforce agricultural regulations. (*Id.* ¶ 9.)

## II. Discussion

### a. Collateral Estoppel

Asserting collateral estoppel, MDACF contends that this court's court decision in *Dubois v. Me. Dep't of Envtl. Prot.* bars petitioners from challenging the applicability of the work product doctrine in this matter. No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014). "Issue preclusion, or collateral estoppel, 'prevents the relitigation of factual issues already decided if the identical issue was determined by a prior final judgment, and the party estopped had a fair opportunity and incentive to litigate the issue in a prior proceeding.'" *Portland Water Dist. v. Town of Standish*, 2008 ME 23, ¶ 9, 940 A.2d 1097 (quoting *Macomber v. MacQuinn-*

3

*Tweedie*, 2003 ME 121, ¶ 22, 834 A.2d 131.) The party asserting collateral estoppel carries the burden of proof. *Macomber*, 2003 ME 121, ¶ 25, 834 A.2d 131.

It is undisputed that the May 18, 2016 decision in *Dubois v. Me. Dep't of Envtl. Prot.* is a valid final judgment. No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014). Petitioners argue collateral estoppel does not apply because this action does not have the same parties or their privies as the initial action and because the subject matter of this action is new and different as petitioners were unaware of the records during the prior proceeding against MDEP.

Maine does not require mutuality of estoppel for collateral estoppel to apply. *Hossler v. Barry*, 403 A.2d 762, 770 (Me. 1979) (holing "that lack of mutuality of estoppel will no longer prevent the application of collateral estoppel.") Thus, the fact that defendants are not the same parties or their privies does not bar the application of collateral estoppel in this case.

However, the work product doctrine is applied on a document-by-document basis.[4] *See Springfield Terminal Ry. Co. v. DOT*, 2000 ME 126, ¶ 16, 754 A.2d 353 ("A document is protected as work product only if *it* was created because of the party's subjective anticipation of future litigation." (emphasis added)). Therefore, unless the court found in its prior decision that the work product doctrine applied to the same documents at issue in this appeal, it cannot be said that the identical issue was determined in the prior judgment. As stated above, MDACF carries the "burden of demonstrating that the specific issue was actually decided in the earlier proceeding." *Macomber*, 2003 ME 121, ¶ 25, 834 A.2d 131. MDACF fails to demonstrate that the records petitioners seek in this appeal are the same ones the court reviewed in *Dubois v. Me. Dep't of Envtl. Prot.*, No. AP-15-28, 2016 Me. Super. LEXIS 83 (May 18, 2014).[5] Therefore,

---

[4] To the extent that respondents are arguing the court already found there was a subjectively and objectively reasonable anticipation of litigation in these given circumstances, the court agrees. However, it is not clear from their brief if their collateral estoppel argument is limited to that particular element.

[5] The file for AP-15-28 is currently in the possession of the Law Court.

4

collateral estoppel does not bar this appeal.

### b. FOAA Standard

"[T]he Freedom of Access Act mandates that its provisions 'shall be liberally construed.'" *Doe v. Department of Mental Health*, 1997 ME 195, ¶ 8, 699 A.2d 422 (quoting 1 M.R.S.A. § 401 (1989)). FOAA establishes a general right of the public to inspect and copy public records." *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 8, 106 A.3d 1145; 1 M.R.S. § 408-A (2016). Statute defines "public records" as follows:

> The term "public records" means any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, or is in the possession or custody of an association, the membership of which is composed exclusively of one or more of any of these entities, and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business[.]

1 M.R.S. § 402(3). There are number exceptions to the definition. The two exceptions MDACF relies on are "[r]ecords that have been designated confidential by statute[,]"§ 402(3)(A), and "[r]ecords that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding[.]'" § 402(3)(B). "When a public record contains information that is not subject to disclosure under FOAA, the information may be redacted to prevent disclosure." *Doyle*, 2014 ME 151, ¶ 9, 106 A.3d 1145.

Because the court construes provisions liberally, it strictly construes exceptions thereto. *Springfield Terminal Ry. Co. v. DOT*, 2000 ME 126, ¶ 8, 754 A.2d 353. MDACF has the burden of proof "to establish 'just and proper cause' for the denial of a Freedom of Access Act request." *Id.* ¶ 9.

5

### c. Work Product Doctrine

MDACF, asserting an exception to public records under the work product doctrine, withheld or redacted documents identified in its FOAA exceptions log as document 1 and documents 5 through 14. The work product doctrine says that records created in anticipation of litigation are not discoverable. *See* M.R. Civ. P. 26(b)(3).[6]

To be protected as work product, a document must have been created because of "the party's subjective anticipation of future litigation." *Springfield Terminal Ry. Co.*, 2000 ME 126, ¶ 16, 754 A.2d 353. The anticipation must also be "objectively reasonable." *Id.* "The document must be prepared because of the prospect of litigation when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." *Id.* ¶ 19 (quoting *National Union Fire Ins. Co. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992)). In general, a party must demonstrate that the records were prepared "'principally or exclusively to assist in anticipated or ongoing litigation.'" *Id.* ¶ 17 (quoting *United States v. Construction Prods. Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996)).

In *Harriman v. Maddocks*, the Law Court held that the entire case file of an insurance claims adjuster was prepared in anticipation of litigation because the claims adjusters' "business is to prepare for litigation." 518 A.2d 1027, 1034 ("a document prepared in the regular course of

---

[6] Rule 26(b)(3) reads in relevant part as follows:

> [A] party may obtain discovery of documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.

Petitioners have not argued there is a substantial need or undue hardship. Therefore, it is not addressed.

6

business may be prepared in anticipation of litigation when the party's business is to prepare for litigation.") Randall, as the Agricultural Compliance Supervisor at MDACF, has a role similar to that of an insurance claim adjuster. Just as "one of the routine functions of a claims adjuster in investigating an accident is to prepare for possible litigation," the routine function of Randall is "respond to complaints concerning a farm or farm operation, including nuisance complaints and failures to comply with best management practices that results in odors, pests or environmental impacts;" (Randall Aff. ¶ 1.), and investigating and enforcing regulations. (*Id.* ¶¶ 2-4, 6-9.) Randall's case file, including the emails and drafts of the letter, could presumptively be considered work product under the rule articulated in *Harriman.* 518 A.2d at 1034. Even without this presumption, the court finds that given the unfolding series of events MDACF's subjective anticipation of litigation was objectively reasonable.

The exception log filed by MDACF on July 15, 2016 asserts that document 1 consists of emails with certain portions redacted because they include "[d]iscussion of enforcement, litigation timing, evidentiary issues and attorney consultation; name and address of complainant/informant[.]" Review of the document *in camera* reveals that the redaction on page 1 of the document is indeed protected from disclosure under the work product doctrine for the reasons identified in the log. The redaction on page 2 is addressed below as it relates to the informant privilege.

The log asserts thay documents 5 through 14 are drafts of a letter from MDACF to Dubois Livestock.[7] Review of the drafts *in camera* reveals that they contain mental impressions, evidentiary issues, conclusions, and legal theories.[8] The drafts and edits were made in

---

[7] The documents also contain e-mails to which the draft letters were attached. The log states the e-mails were produced in response to petitioners FOAA request.

[8] The court's review also reveals these are drafts the same ones submitted for in camera review in AP-16-21. The court upheld the respondents decision to withhold the drafts in that appeal.

7

anticipation of litigation. Thus, MDACF has shown "just and proper cause" for redacting page 1 of document 1 and withholding documents 5 through 14.

### d. Informant Privilege

MDACF asserted informant privilege to withhold and redact documents identified in the privilege log as documents 1 through. "[T]he State may assert privilege and refuse to disclose of the identity of confidential informants." *Dubois v. Me. Dep't of Envtl. Prot.*, No. AP-15-28, 2016 Me. Super. LEXIS 83, *9-10 (May 18, 2014) (citing M.R. Evid. 509(a)(1), (b)). An informant is defined as as "a person who has furnished information relating to or assisting in an investigation of a possible violation of law to: A law enforcement officer conducting an investigation." M.R. Evid. 509(a)(2)(A). Under federal Rule 509 and FOIA, the informant privilege can defeat an otherwise valid Freedom of Access request. *See EPA v. Mink*, 410 U.S. 73, 89 n.16 (1973).

Petitioners argue MDACF must disclose the redacted information in the documents because the agency's rules governing its complaint procedure require that MDACF disclose the complainants' identities. Rules for the Agricultural Compliance Program, Ch. 10, § 3(3) ("Notification Requirements: Notification to the responsible party shall include at a minimum, the name of the complainant, the date the complaint was received, and the nature of the complaint.") However, petitioners brought this appeal pursuant to FOAA. The M.R. Civ. P. 80B complaint did not include MDACF rules as a ground for relief. *See* M.R. Civ. P. 80B(a) ("The complaint shall include a concise statement of the grounds upon which the plaintiff contends the plaintiff is entitled to relief, and shall demand relief sought.") The complaint only sought relief pursuant to FOAA. Thus, the court does not consider whether petitioners have a right to the information under MDACF's rules. For the purposes of this FOAA appeal, the court finds MDACF rules do not make a record "public," nor do the rules defeat the informant privilege

8

exception to public records.

The exception log asserts that documents 1 and 2 were redacted and documents 3 and 4 were withheld because they identify confidential informants. After reviewing the documents *in camera*, the court finds the information redacted from page 2 of document 1 and from document 2 does identify an informant who specifically requested anonymity. Documents 3 and 4 contain information that identified informants, but they also include emails that contain information that is not privileged under the informant privilege. The email in document 3 sent from Randall to Mark Randlett at 1:03 pm on November 19, 2015 contains unprivileged *information JHo 4/13/17*. In addition, the emails in document 4 sent from Michael Clark to Randall at 11:48 am on November 12, 2015 and sent from Randall to Clark at 11:54 am the same day contain information that is not protected by the privilege. Those emails shall be disclosed pursuant to petitioners' FOAA request. Information in those emails that identifies informants may be redacted. MDACF is entitled to assert privilege under Rule 509 as to the remaining emails in documents 3 and 4 and the above-mentioned redacted information in documents 1 and 2 because it was investigating complaints and suspected violations of applicable state laws and regulations. The exceptions to the informant privilege do not apply. The confidential informants identities have not been revealed and they have not appeared as witnesses for MDACF. M.R. Evid. 509(c). Because the information was privileged, it was not subject to disclosure under FOAA and was lawfully redacted. § 402(3)(A).

### i. Attorney Fees

A petitioner may only recover attorney's fees in a FOAA appeal upon a finding by the court that the agency's refusal to disclose the documents was committed in bad faith. 1 M.R.S. 409(4) (2016). The court finds MDACF acted in good faith.

### III.   Conclusion

9

In consideration of the foregoing, the court concludes that MDACF properly redacted documents 1 and 2 and properly withheld the edited drafts of the letter, but improperly withheld certain emails identified above.

The entry shall be:

> The appeal is GRANTED as to certain emails identified in this order. MDACF shall produce said emails redacted as necessary to prevent disclosure of confidential informants. The appeal is DENIED in all other respects.

SO ORDERED.

Dated: April 13, 2017

ENTERED ON THE DOCKET ON: 4/13/17

_____
John O'Neil, Jr.
Justice, Superior Court

AP-16-22

**PRO SE PLAINTIFFS:**

MARCEL DUBOIS
2 IRVING ROAD
ARUNDEL ME 04046

SOL FEDDER
2 IRVING ROAD
ARUNDEL ME 04046

**ATTORNEY FOR DEFENDANTS:**

MARK RANDLETT, AAG
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006