MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2017 ME 233
Docket:        Ken-17-123
Submitted
 On Briefs:    November 29, 2017
Decided:       December 19, 2017

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, JABAR, and HUMPHREY, JJ.

## STEVE ANCTIL

v.

## DEPARTMENT OF CORRECTIONS

JABAR, J.

[¶1]  Steve Anctil appeals from the judgment of the Superior Court (Kennebec County, *Stokes, J.*) upholding the redactions made by the Department of Corrections in certain documents it sent to Anctil pursuant to Anctil's Freedom of Access Act (FOAA) request.  1 M.R.S. §§ 400-414 (2016).[1] On appeal to this Court, Anctil argues that the Department's redactions were improper.  Because select portions of the produced documents were improperly redacted and select portions of the produced documents were properly redacted, we vacate in part and affirm in part.

---

[1]  Portions of FOAA have been amended since Anctil first requested information from the Department, *see, e.g.*, P.L. 2015, ch. 249, § 2 (effective Oct. 15, 2015), though not in any way that affects the present case.

## I. BACKGROUND

[¶2]   The procedural facts are taken from the trial court record.[2]  *See*

*Hughes Bros. v. Town of Eddington*, 2016 ME 13, ¶ 2, 130 A.3d 978.

[¶3]   In September of 2015, Anctil sent a letter to the Department

requesting, pursuant to FOAA,

> a copy of any and all records regarding any and all complaints,
> charges and accusations that are not classified as confidential and
> resulted in disciplinary action, as well as any other information or
> materials that are not classified as confidential and resulted in
> disciplinary action for the following past and present Maine
> Department of Corrections – Corrections Officers.

Anctil's letter listed almost thirty employees of the Maine State Prison or the

Department about whom he was requesting the above information.   The

Department produced sixteen documents, but redacted portions of some

documents that it determined were confidential pursuant to 34-A M.R.S.

§ 1216 (2016) and 5 M.R.S. § 7070 (2016).

[¶4]   On March 28, 2016, Anctil filed an appeal in the Superior Court

pursuant to 1 M.R.S. § 409(1), challenging the Department's redactions of the

requested records.   Specifically, Anctil challenged the redactions in the

documents        labeled        "PRODUCED0001,"        "PRODUCED0005,"

---

[2]  The Superior Court decided this matter without conducting a testimonial hearing.

"PRODUCED0006,"[3] "PRODUCED0007," and "PRODUCED0012" (all redacted documents hereafter referred to by number). After an in camera inspection of the documents, the court issued a decision on February 27, 2017, stating that it was "satisfied that the material withheld from the Plaintiff was properly redacted because that material was designated confidential by statute" and finding that the redaction of the documents was "for just and proper cause" pursuant to 1 M.R.S. § 409(1). On March 17, 2017, Anctil timely appealed to us. *See* 14 M.R.S. § 1851 (2016); M.R. App. P. 2 (Tower 2016).[4]

## II. DISCUSSION

[¶5]  "In reviewing whether a government entity complied with the FOAA, we review factual findings for clear error, but review the trial court's interpretation of the FOAA de novo." *Hughes Bros.*, 2016 ME 13, ¶ 21, 130 A.3d 978 (citation omitted). "When interpreting a statute, we accord its words their plain meaning." *Id.* (quotation marks omitted). "The exceptions to the Act's disclosure requirement are strictly construed to promote the Act's

---

[3]  We do not address the redaction of this document on appeal.  As the Department acknowledges, and as the court found, the propriety of the redaction of 0006 is moot because the redacted portions refer to the person whose name appeared in an unredacted portion of that document.  *See, e.g.*, *McGettigan v. Town of Freeport*, 2012 ME 28, ¶ 10, 39 A.3d 48 ("An issue is moot when there is no real and substantial controversy . . . .") (quotation marks omitted).

[4]  Because this appeal was filed before September 1, 2017, the restyled Maine Rules of Appellate Procedure do not apply.  *See* M.R. App. P. 1.

underlying policies and purposes." *Doyle v. Town of Falmouth*, 2014 ME 151, ¶ 10, 106 A.3d 1145; *see* 1 M.R.S. § 401.

[¶6] "When a public record contains information that is not subject to disclosure under FOAA, the information may be redacted to prevent disclosure." *Doyle*, 2014 ME 151, ¶ 9, 106 A.3d 1145. "When an agency denies a FOAA request, the agency bears the burden of establishing that there is just and proper cause for the denial." *Preti Flaherty Beliveau & Pachios LLP v. State Tax Assessor*, 2014 ME 6, ¶ 10, 86 A.3d 30.

[¶7] Pursuant to FOAA, "[e]xcept as otherwise provided by statute, a person has the right to inspect and copy any public record . . . within a reasonable time of making the request to inspect or copy the public record." 1 M.R.S. § 408-A. In relevant part, FOAA defines "public records" to mean

> any written, printed or graphic matter . . . that is in the possession or custody of an agency or public official of this State or any of its political subdivisions . . . and has been received or prepared for use in connection with the transaction of public or governmental business or contains information relating to the transaction of public or governmental business.

1 M.R.S. § 402(3). Section 402(3)(A) creates an exception for "[r]ecords that have been designated confidential by statute."

A.    Personnel Records Exception

[¶8]  The Department argues that, pursuant to the statutory exception contained in 5 M.R.S. § 7070, its redactions of documents 0001, 0007, and 0012 were appropriate.  Section 7070 sets forth a list of personnel records that are "confidential and not open to public inspection, and shall not be 'public records,' as defined in Title 1, section 402, subsection 3."  Pursuant to section 7070(2)(E), the following personnel records are not "public records" for FOAA purposes:

> Except as provided in section 7070-A,[5] complaints, charges or accusations of misconduct, replies to those complaints, charges or accusations and any other information or materials that may result in disciplinary action.  If disciplinary action is taken, the final written decision relating to that action is no longer confidential after the decision is completed if it imposes or upholds discipline. . . .

> For purposes of this paragraph, "final written decision" means:

>> (1) The final written administrative decision that is not appealed pursuant to a grievance arbitration procedure; or

>> (2) If the final written administrative decision is appealed to arbitration, the final written decision of a neutral arbitrator.

---

[5]  Title 5 M.R.S. § 7070-A (2016) makes certain information public in cases involving the use of deadly force and the use of physical force by a law enforcement officer, neither of which is at issue here.

6

[¶9]   The redaction in 0012 was appropriate because, although the redacted language was contained in a final written decision, the decision did not "impose[] or uphold[] discipline" as to the portion of the decision that was redacted.   Because the redaction was permissible pursuant to section 7070(2)(E), the Department has met its burden to establish that it was withheld from Anctil "for just and proper cause."  1 M.R.S. § 409(1).

[¶10]   However, we reach a different conclusion regarding documents 0001 and 0007.   Document 0001 is a final written decision related to disciplinary action, and is therefore "no longer confidential" because it "imposes or upholds discipline."   5 M.R.S. § 7070(2)(E).   The Department argues that the portion it omitted was appropriately redacted because it "[c]ontains a description of a past incident of misconduct by other employees and allegations of misconduct of another employee involved in the incident that resulted in the discipline . . . ."  The statute only permits the Department to redact the narrow portion of the document that contains the names of those employees not subject to discipline in the final written decision. *See id.*  The remainder of the redaction is a portion of the final written decision that details the actions that led to the imposition of discipline—which is specifically deemed "no longer confidential" by section 7070(2)(E).   The

following excerpted language was improperly redacted because, although it includes the name of the officer subject to discipline, it does not contain the name or misconduct of *other* employees, and thus must be disclosed:

> Officer [A.] stated, when asked how serious he thought the incident was, that fighting by itself is often of little meaning but that, when done in the presence of inmates, is a serious matter. He further stated that, in this instance, he was not looking for a fight and feels that [redacted] was the instigator. [Redacted.] He stated that he was sorry this happened and that he has no hard feelings for [redacted]. He further stated that tension between him and [redacted] will probably always exist because they are both basically aggressive people. This latest dispute over time off was simply the precipitating incident.

[¶11] As to document 0007, although the Department argues that section 7070(2)(E) permitted it to redact an officer's name because that officer was the "victim/person making [the] accusation of misconduct against the subject employee," the plain language of section 7070(2)(E) does not create an exception for this circumstance.[6] Because we "strictly construe[]" any exceptions to disclosure pursuant to FOAA, *Doyle,* 2014 ME 151, ¶ 10, 106 A.3d 1145, and because no statutory exception applies to this redaction,

---

[6] Additionally, the Department briefly mentions 5 M.R.S. § 7070(2)(B) (2016) as an exception that would render the redaction in 0007 permissible. Pursuant to section 7070(2)(B), "[p]erformance evaluations and personal references submitted in confidence" are deemed confidential. The redacted material is neither a performance evaluation nor a personal reference.

8

we conclude that the officer's name in 0007 was not redacted for just and proper cause and must therefore be disclosed.

B.    Confidential Department Records Exception

[¶12]   Finally, turning to document 0005, the Department argues that 34-A M.R.S. § 1216(1) contains a statutory exception to disclosure that makes the redactions permissible.   Section 1216(1) reads, in relevant part, "All orders of commitment, medical and administrative records, applications and reports, and facts contained in them, pertaining to any person receiving services from the department must be kept confidential and may not be disclosed by any person, except that public records must be disclosed in accordance with [FOAA] . . . ."   34-A M.R.S. § 1216(1).   We agree with the Department; the redaction in document 0005 was permissible pursuant to this statutory exception because it contains the name of a person receiving services from the Department, and the person's involvement in the incident is a "fact[] contained in" a "report . . . pertaining to [a] person receiving services from the department."  *Id.*   Therefore, this person's name was redacted "for just and proper cause."  1 M.R.S. § 409(1).

The entry is:

>       Judgment affirmed as to documents 0005, 0006,
>       and 0012; judgment vacated and remanded for

the Superior Court to enter an order of disclosure as to document 0007 and those portions of document 0001 identified in this opinion.

---

Steve Anctil, appellant pro se

Janet Mills, Attorney General, and Kelly L. Morrell, Asst. Atty. Gen., Office of the Attorney General, Augusta, for appellee Department of Corrections et al.

Kennebec County Superior Court docket number CV-2016-143
FOR CLERK REFERENCE ONLY