STATE OF MAINE
KENNEBEC, SS.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO-CV-2020-129

RANDALL DEAN,
Plaintiff

**DECISION AND ORDER**
**(FOAA)**

V.

STATE FIRE MARSHAL'S OFFICE and JOSEPH E. THOMAS, State Fire Marshal,
Defendants

## INTRODUCTION

The matter before the court is an appeal pursuant to Maine's Freedom of Access Act (FOAA), 1 M.R.S. § 409(1). The Plaintiff, Randall Dean, seeks records and information, including witness names and contact information, photographs, and audio and video recordings, collected as part of the investigation conducted by the State Fire Marshal's Office (SFMO) into the catastrophic propane gas explosion that occurred in Farmington on September 16, 2019. Mr. Dean owns a mobile home park adjacent to the site of the explosion that sustained significant property damage as a result. On or about January 28, 2020 Dean, through counsel, submitted a FOAA request for all investigative reports in the possession of the SFMO. The SFMO acknowledged receipt of the FOAA request in a letter dated January 28, 2020, although it may not have been received by Dean's attorney until several days later. Dean followed up on his request with a letter dated June 16, 2020 to a member of the Attorney Generals' Office.

On July 22, 2020, Dean filed this appeal. The SFMO filed its statement of position on August 18, 2020, indicating that redacted reports had been provided to Dean that protected the personal privacy of "the multiple participants in and victims of the explosion, many of whom were firefighters." On September 2, 2020, Dean filed a reply maintaining that the names of victims, other contacts and witnesses are not "confidential" and should not have been redacted. Dean further acknowledged in his reply that medical information, dates of birth and telephone numbers are confidential and he did not object to the redaction of that material.

The court held oral argument on October 19, 2020. At the time of oral argument, however, the documents in question had not been provided to the court for its *in camera* inspection. The SFMO argued that the identities of witnesses and victims are confidential because release of that information as a public record would constitute an unwarranted invasion of personal privacy under the Intelligence and Investigative Record Information Act. Moreover, the SFMO requested the opportunity to brief the issue of confidentiality on the basis of the informant privilege under Rule 509, M.R.Evid. Counsel for the parties submitted written memoranda, the last of which was received by the court on November 13, 2020. Dean now maintains that his is entitled to the identities of all witnesses and victims and their contact information, including addresses and telephone numbers. It is clear that Mr. Dean is seeking this information to assist in his civil lawsuit.

In a Procedural Order dated December 7, 2020, the court ordered the SFMO to provide it with the redacted and unredacted records for the court's *in camera* inspection. The records were received by the court on January 14, 2021 and were promptly reviewed by the court, which examined the unredacted documents and compared them to the redacted version. On

January 21, 2021, the court issued a second Procedural Order giving the parties the opportunity to submit final written arguments by February 8, 2021. In his memorandum, Mr. Dean reiterated his demand for those portions of the records "which identify witnesses by name and contact information." It is Mr. Dean's position that the identities of witnesses and their contact information are "clearly in the public domain." The SFMO also submitted a final brief, emphasizing that the information being sought by Mr. Dean is not a public record, notwithstanding that there may be other avenues by which Mr. Dean may obtain what he wants.

## DISCUSSION

The term "public record" is broadly defined to mean:

> . . . any written, printed or graphic matter or any mechanical or electronic data compilation from which information can be obtained, directly or after translation into a form susceptible of visual or aural comprehension, that is in the possession or custody of an agency or public official of this State or any of its political subdivisions, . . . and has been received or prepared for use in connection with the transaction of public or governmental business, . . .

1 M.R.S. § 402(3).

A public record may be inspected or copied by any person. 1 M.R.S. § 408-A (1) & (2). There are, however, numerous exceptions to the general definition of what constitutes a "public record," including "[r]ecords that have been designated confidential by statute," and "[r]ecords that would be within the scope of a privilege against discovery or use as evidence recognized by the courts of this State in civil or criminal trials if the records or inspection thereof were sought in the course of a court proceeding." 1 M.R.S. § 402(3) (A) & (B).

The SFMO contends that the information sought by Mr. Dean, i.e., the identities of witnesses[1] and their contact information, is confidential by statute, namely, the Intelligence and Investigative Record Information Act. 16 M.R.S. §§ 801 et seq. The SFMO also maintains that the identities and contact information of civilian witnesses is privileged pursuant to M.R.Evid. 509, pertaining to the identity of an informant. The court will consider each of these exceptions in turn.

A record that is or contains intelligence and investigative record information is "confidential" and may not be disseminated if there is a "reasonable possibility" that public release or inspection would "[c]onstitute an unwarranted invasion of personal privacy," or "[d]isclose the identity of a confidential source." 16 M.R.S. § 804(3) & (4). Intelligence and investigative record information means "information of record collected by or prepared by or at the direction of a criminal justice agency or kept in the custody of a criminal justice agency while preforming the administration of criminal justice . . . ." 16 M.R.S. § 803(7).

The court is satisfied, based on its review of the records submitted for its examination, that the SFMO is a criminal justice agency within the meaning of 16 M.R.S. § 803(4). *See* 25 M.R.S. § 2396(7). Moreover, the court finds that in investigating the cause and circumstances of the September 16, 2019 explosion in Farmington, the SFMO was engaged in the "administration of criminal justice," in that at least part of its responsibility

[1] Based on its review of the redacted and unredacted records, it appears to the court that the identities of victims or witnesses who were public officials or employees have not been redacted. In other words, it appears that only the identities of civilian witnesses and/or victims have ben redacted.

was the investigation of possible crimes.[2] Accordingly, the court finds that the records created by the SFMO as a result of its investigation of the Farmington explosion constitute intelligence and investigative record information and may not be disseminated if there is a reasonable possibility that public release would result in an unwarranted invasion of personal privacy.

In considering whether disclosure of witness identities and contact information, as a public record, would constitute an unwarranted invasion of personal privacy, the court has sought guidance from the Law Court's treatment of this issue in *Blethen Me. Newspapers, Inv. v. State*, 2005 ME 56, 871 A.2d 523. There, the Law Court recognized that "[p]eople who are identified in criminal investigation reports have a substantial interest in keeping their identities closed to the public, regardless of how they are characterized in the record." 2005 ME 56, ¶ 15. Further, the Court noted that "when the subject of a law enforcement record is a private individual, the privacy interest protected by the privacy exception is at its apex." *Id. citing Nat'l Archives & Records Admin. V. Favish*, 541 U.S. 157, 166 (2004).

Maine's FOAA is intended to address the public's right to hold the government accountable by knowing what the government is up to. *Id.* at ¶ 31. As an initial matter, the court must ask what "public interest" is served by making public witness identities and contact information. *Id.* at ¶ 33. Whether disclosure of a record is warranted turns on the nature of the requested document and its relationship to the basic purpose of the FOAA to

[2] The fact that no criminal charges have been or will be filed as a result of the investigation does not alter the court's conclusion that the SFMO was engaged in activities related to the administration of criminal justice.

open agency conduct to public scrutiny, not on the purpose for which a particular record is being requested. *Id.* at ¶ 28.

In *Blethen*, the Law Court endorsed the practice of redacting witness names and other identifying information, as well as contact information, because there was no demonstration that disclosing such information was necessary to fulfill the public interest served by the FOAA. In this case, it is the court's view that disclosure of the names of civilian witnesses and/or victims and contact information for all witnesses and victims of the Farmington explosion does not serve the basic purpose of the FOAA. Moreover, the court further finds that redaction of identifying and contact information is justified because public release of such personally identifying information would constitute an unwarranted invasion of personal privacy.

The court also concludes that redaction of the names of civilian witnesses is warranted and justified in accordance with Rule 509, M.R.Evid. *See Dubois v. Dep't of Agric.*, 2018 ME 68, 185 A.3d 743.

The court's *in camera* review of the redacted and unredacted records indicates that the SFMO made modest redactions to the records, and did so only for the identification of civilian witnesses, personal contact information for all witnesses,[3] and any description of a witness's or victim's injuries or medical treatment. The court concludes that the redactions to the records made by the SFMO were done for just and proper cause. *MaineToday Media, Inc. v. State,* 2013 ME 100, ¶ 9, 82 A.3d 104. *See also Doyle v. Town of Falmouth*, 2014 ME 151, 106 A.3d 1145 (cell phone #s of public employees are confidential, even if publicly issued).

---

[3] With respect to photographs, it appears to the court that photographs that depict potentially identifying information about an individual were not provided on the same privacy basis.

## CONCLUSION

The entry is:

The Appeal under the Freedom of Access Act (FOAA) is DENIED.

The Clerk is directed to incorporate this Order into the docket of this case by notation reference in accordance with M.R.Civ.P. 79(a).

Dated: February 17, 2021

William R. Stokes
Justice, Superior Court

Entered on the docket 2/19/2021

2/17/21

MCR/SC# 174-21

RANDALL DEAN - PLAINTIFF
59 MAIN STREET
MADISON ME 04950
Attorney for: RANDALL DEAN
PETER MARCHESI - RETAINED
WHEELER & AREY PA
27 TEMPLE ST
WATERVILLE ME 04901

SUPERIOR COURT
KENNEBEC, ss.
Docket No AUGSC-CV-2020-00129

**DOCKET RECORD**

vs
STATE FIRE MARSHALLS OFFICE - DEFENDANT

Attorney for: STATE FIRE MARSHALLS OFFICE
KENT C AVERY - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: STATE FIRE MARSHALLS OFFICE
LISA P MARCHESE - RETAINED 08/18/2020
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

JOSEPH E THOMAS - DEFENDANT
52 STATE HOUSE STATION
AUGUSTA ME 04330
Attorney for: JOSEPH E THOMAS
KENT C AVERY - RETAINED
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Attorney for: JOSEPH E THOMAS
LISA P MARCHESE - RETAINED 08/18/2020
OFFICE OF THE ATTORNEY GENERAL
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Filing Document: COMPLAINT
Filing Date: 07/22/2020

Minor Case Type: FREEDOM OF ACCESS

## Docket Events:

08/03/2020 FILING DOCUMENT - COMPLAINT FILED ON 07/22/2020

08/03/2020 Party(s): RANDALL DEAN
ATTORNEY - RETAINED ENTERED ON 07/22/2020
Plaintiff's Attorney: PETER MARCHESI

08/20/2020 Party(s): STATE FIRE MARSHALLS OFFICE,JOSEPH E THOMAS
OTHER FILING - OTHER DOCUMENT FILED ON 08/18/2020
Defendant's Attorney: LISA P MARCHESE
STATEMENT OF POSITION REGARDING PLTFS FREEDOM OF ACCESS APPEAL